IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY ARAFILES,

               Petitioner,                    No. CIV S-06-1678 FCD EFB P

     vs.

BEN CURRY, Warden, et al.,

               Respondents.            <u>ORDER</u>

_____/

      Petitioner is a state prisoner seeking a writ of habeas corpus.  *See* 28 U.S.C. § 2254.  His petition challenges a decision denying him parole.  The matter was before this court on December 6, 2006, for hearing on respondent's motion to dismiss for lack of subject matter jurisdiction.  Keith Allen Wattley appeared on behalf of the petitioner.  Robert C. Cross appeared on behalf of the respondents.  After careful consideration of the moving and opposing papers and the oral arguments of counsel, the court finds that the petition must be dismissed with leave to amend.

      In 1978, petitioner was convicted of murder and sentenced to seven years to life in prison.  In 1991, the California Board of Prison Terms (the "Board")  found him suitable for parole.

However, the Governor of California reviewed that decision and reversed it, finding that petitioner was not suitable for parole.  This petition claims that the Governor reviewed the Board's finding outside the time period allowed by state law for such review.[1]  Therefore, petitioner argues, the Governor lacked authority to reverse the Board's finding.  This failure to comply with the state's scheme for determining parole suitability, petitioner contends, resulted in his continued detention in violation of his federally-protected right to due process.  This leads to the inherent jurisdictional problem that petitioner faces.  The substance of his claim is premised on the contention that the denial of parole violates state law.

Respondent's motion argues that the district court lacks jurisdiction to entertain petitioner's claim because it is premised on alleged violations of state law, not a violation of federal law.

The restrictive standard controlling this court's review of this federal petition is crucial.  A federal court may entertain a petition for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a) (emphasis added); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986) (federal habeas relief available only where "the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts.").

Without question, California prisoners have a federally-protected liberty interest in release to parole.  *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006).  Therefore, the procedures utilized in deciding suitability for parole must be adequate to protect this interest.  *Kentucky v. Department of Corrections*, 490 U.S. 452, 459 (1989).  The

---

[1]  Under state law, the Governor has a 30 day period of time to review and "affirm, modify, or reverse" any decision of the Board.  California Constitution, Article V, section 8(b); California Penal Code section 3041.2.

1  procedures must, at a minimum, be designed to ensure that the decision is not arbitrary or

2  capricious. *See Wolf v. McDonnell*, 418 U.S. 539, 558 (1974) ("The touchstone of due process is

3  protection of the individual against arbitrary action of government.").   However, the petitioner

4  still must show that the denial of parole (and thus continued incarceration) violates, in some way,

5  federal law.  The mere existence of the federally-protected interest in parole does not, of itself,

6  equate to a rule that a state inmate establishes subject matter jurisdiction to entertain a federal

7  habeas petition simply by reason of incarceration.  Rather, the petition must be grounded on a

8  claim that the denial of parole violates federal law.  Violations of state law alone are not

9  cognizable on federal habeas.  *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (the fact that

10  [an] instruction was allegedly incorrect under state law is not a basis for habeas relief);

11  *Lambright v. Stewart*, 191 F.3rd 1181, 1186 (9th Cir. 1999) (use of dual juries that may have

12  violated of state law did not state a claim for federal habeas relief); *Murtishaw v. Woodford*, 255

13  F.3d 926, 960 (9th Cir. 2001) (state's violation of its own separation of powers doctrine does not

14  rise to level of federal due process violation).

15         Here, petitioner asserts that the alleged failure to properly apply the 30 day time period

16  under California law for the Governor to overturn the Board's decision constitutes a violation of

17  the federal constitution.  Principles of federal due process protect against arbitrary and capricious

18  incarceration.  However, while the state may not act in an arbitrary and capricious manner and

19  must follow its own established procedures, if a question of state law must be decided in order to

20  decide a federal habeas claim, the state's construction of its own law is binding on the federal

21  court. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Horton v. Mayle*, 408 F.3d 570, 576 (9th

22  Cir. 2005).  That is precisely the obstacle petitioner encounters here.  He has already litigated in

23  a state habeas petition the very issue he presents on this petition:  whether, under state law, the

24  Governor acted timely to overturn the Board's decision.  The California District Court of

25  Appeals found that the Governor's review of the decision was timely and expressly rejected the

26  same interpretation of state law that petitioner asserts here. *In re Arafiles*, 6 Cal.App.4th 1467,

1474-75 (Cal. App. 1992).  The state court considered petitioner's arguments as to when the 30

day period commenced for the Governor to "affirm, modify, or reverse" the Board's decision,

construed the language of Article V, Section 8(b) of the California Constitution and California

Penal Code section 3041.2, and concluded that the 30 day period did not commence on the date

petitioner claims and that the Governor's decision to revers was timely.  That construction of

state law is binding on this court.  *Mullaney*, 421 U.S. at 691.

Given the state court's conclusive interpretation that the Governor acted timely under

California Penal Code § 3041.2 and Article V, Section 8 of the California Constitution, and its

rejection of the very interpretation petitioner relies on here to establish a federal Constitutional

claim, petitioner has not established a federally cognizable claim.  That issue is the sole question

presented on this petition and this court is bound by the state court's interpretation in that regard.

As a matter of state law, the Governor timely acted to find petitioner not suitable for parole and

did not violate the state's statutory scheme for deciding parole.  Thus, the procedures challenged

were adequate to protect petitioner's due process interest in parole.  Furthermore, no federal

Constitutional or statutory provision requires parole suitability decisions to be made within any

particular time frame.  Therefore, petitioner has no claim that his continued confinement violated

his rights under the Constitution, laws or treaties of the United States.

Recognizing the complexity of the matter, counsel for petitioner seeks leave to file an

amended petition to state a claim over which this court has subject matter jurisdiction.

Respondent has not yet filed an answer.  Therefore, petitioner may file an amended petition.  *See*

Fed. R. Civ. P. 15(a).

Accordingly, it hereby is ORDERED that:

1.  Respondent's October 31, 2006, motion to dismiss is granted; and

////

////

////

1          2.  Petitioner has until January 16, 2007, to file and serve an amended petition.

2    Dated:  December 11, 2006.

3

4                                    _____
                                     EDMUND F. BRENNAN
5                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26