IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY ARAFILES,

    Petitioner,                        No. CIV 06-1678 KJM EFB P

    vs.

BEN CURRY, et al.,

    Respondents.                     FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner represented by counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He proceeds on his December 14, 2007 amended petition.[1] Respondent's motion to dismiss was before the court for hearing on January 11, 2012. Thomas Master appeared on behalf of petitioner, and Maria Chan of the California Attorney General's Office appeared for respondent. After careful consideration of the moving and opposing papers and the

---

[1] On December 12, 2006, the court granted respondent's motion to dismiss and granted petitioner leave to file an amended petition. Petitioner, through counsel, filed a notice stating "that he does not intend to file an amended petition at this time to challenge the reversal of his parole grant in 1991." Dckt. No. 18. Petitioner, pro se, then filed two amended petitions, as well as other filings. On January 21, 2011, this court ordered respondent to file a response to plaintiff's December 14, 2007 amended petition. Dckt. No. 29. In opposition to respondent's motion to dismiss, petitioner argues that he intended to file a new habeas action rather than an amended petition in this action. Dckt. No. 33 at 2. As the petition must be dismissed in any event, the court need not resolve whether the instant petition should have been filed under another case number.

arguments of counsel, and for the reasons explained below, the court finds that respondent's motion to dismiss must be granted.

Petitioner argues that: 1) the California Board of Parole Hearings is without authority to retain him past the maximum term set for his crime in 1991; 2) the board's 2006 decision was "presumptively vindictive after petitioner's membership in successful class habeas"; 3) the board violated petitioner's due process rights because the crime he committed no longer has any predictive value relative to his current risk to public safety; 4) the board's decision was based on inaccurate information about the circumstances of the crime and is therefore not supported by any evidence; and 5) the board's decision to postpone further parole consideration for four years is arbitrary and capricious where the board found petitioner suitable for parole 15 years earlier. *See* Pet. generally.

Respondent argues that petitioner's claims are untimely and are not cognizable in federal habeas law.

**I.     Background**

Petitioner alleges that the Board found petitioner suitable for parole in 1991. Dckt. No. 23, Am. Pet. at 7. The Board set petitioner's release date at that time, fixing petitioner's term at 12 years and eight months. *Id.* at 6-7. At this time petitioner had already served thirteen years in prison. *Id.* at 7. But the Governor reversed the parole board's suitability decision, and petitioner was not released from custody. *Id.* at 9. In the following 15 years, the Board conducted six hearings at which it denied petitioner parole. *Id.*

Petitioner filed the original habeas petition in this case in 2006. Dckt. No. 1. The court appointed counsel for petitioner. In December 2006, the court granted respondent's motion to dismiss with leave to amend, finding that petitioner's claims were a matter of state law and therefore not cognizable in federal habeas corpus. *Id.* at 3-4. Dckt. No. 17. The court granted petitioner leave to file an amended petition, which was due on January 16, 2007. *Id.* at 4-5. Petitioner, through counsel, timely filed a notice stating that he did not "intend to file an

2

amended petition at this time to challenge the reversal of his parole grant in 1991." Dckt. No. 18.

Months later, petitioner, acting independently of his attorney, filed an amended habeas petition. Dckt. No. 20. Petitioner, acting *pro se*, then filed additional documents, including another amended habeas petition. *See* Dckt. Nos. 20-26, 28. On January 4, 2011, the court directed respondents to file a response to the amended petition. Respondents filed this motion to dismiss. Dckt. No. 31. Petitioner, through counsel, filed an opposition. Dckt. No. 33.

**II.   Petitioner's argument that he should have been released at the expiration of his fixed term is untimely**

Petitioner argues that the Board has unlawfully extended his confinement by conflating its parole-granting and term-setting functions and retaining him in custody beyond the term that was fixed once it was fixed. The Board found petitioner suitable for parole in 1991, and set a fixed term for him at the same time. However, the Governor reversed the suitability finding. Petitioner claims that the Governor lacked the authority to, and did not, reverse the fixing of his term. He had already served more time than the term fixed by the parole board. Therefore, petitioner argues, he should have been released in 1991, regardless of the Governor's reversal of the Board's suitability finding. *See* Pet. at 19 ("Since parole granting and term fixing have been, and remain, distinct functions of the Board, the Governor's reversal of one cannot have any impact on the other absent specific authority for such a result."). Petitioner claims that he raised this objection to the Board at his 2006 hearing.

However, petitioner was aware of the factual predicate of his claim in 1991. A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Here, petitioner was

3

undoubtedly aware of the factual predicate of his claim when he was not released in accordance with the term the Board had fixed. Once the AEDPA was passed in 1996, petitioner had one year to file his petition. Thus, this claim is time-barred. Although petitioner claims that he recently argued to the Board that at his 2006 hearing that he was being held illegally because his fixed term had expired, this did not restart the statute of limitations; in 2006, petitioner had been aware of the factual predicate of his claim for many years.

Thus, petitioner's claim that the Board has unlawfully extended his confinement by retaining him in custody beyond his fixed term is untimely and must be dismissed.[2]

### III.  Petitioner's other arguments are foreclosed by *Swarthout*.

The rest of petitioner's arguments are foreclosed by *Swarthout v. Cooke*, 502 U.S. _, 131 S. Ct. 859 (Jan. 24, 2011). *Swarthout* held that federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. at \*\*2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied" and "[t]hat should [be] the beginning and the end of the federal habeas courts' inquiry into whether [a petitioner] received due process").

Petitioner's second, third and fourth claims–that the Board's 2006 decision that he was unsuitable for parole was "presumptively vindictive after petitioner's membership in successful class habeas"; that the crime he committed no longer has any predictive value relative to his current risk to public safety; and that the Board's decision was based on inaccurate information about the circumstances of the crime and is therefore not supported by any evidence–ask this

---

[2] Respondent argues that the Governor did, in fact, reverse the fixing of petitioner's term when he reversed the parole board's decision finding petitioner suitable for parole. Because petitioner's claim is untimely, the court need not reach this argument.

court to review the merits of the parole board's decision. *Swarthout* held that the federal courts lack jurisdiction to do so.

Petitioner's fifth claim–that the Board's decision to postpone further parole consideration for four years was arbitrary and capricious where the Board found petitioner suitable for parole 15 years earlier–also runs afoul of *Swarthout*. *See Cowell v. Salazar*, 437 Fed. Appx. 541, 541 (9th Cir. 2011) (unpublished) (holding that petitioner's claim that the parole board's decision was arbitrary and capricious because the board's reasoning was belied by the record was foreclosed by *Swarthout*). Petitioner's claim that the board's decision to postpone further parole consideration was arbitrary and capricious ultimately asks this court to review the merits of the parole board's decision. *Swarthout* forbids such a review.

Respondent also argues that petitioner's claims are untimely. Because the court lacks jurisdiction over the claims, it does not decide the timeliness issues as to these claims.

**IV.  Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss be granted, and

2. The Clerk be directed to enter judgment and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

1  certificate of appealability when it enters a final order adverse to the applicant); *Hayward v.*
2  *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of
3  appealability to review the denial of a habeas petition challenging an administrative decision
4  such as denial of parole by the parole board).

5  DATED:  February 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE