IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY ARAFILES,

     Petitioner,            No. CIV S-06-1678 KJM EFB P

    vs.

BEN CURRY, et al.,

     Respondents.        <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On February 23, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

1

Case 2:06-cv-01678-KJM-EFB   Document 40   Filed 03/31/12   Page 2 of 2

In the objections to the findings and recommendations, petitioner argues that his claim is timely because subsequent denials of parole act to violate the parole board's initial set term and thereby constitute a continuing violation. This court finds this argument unpersuasive. *See Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (noting that the factual predicate for a challenge to an indeterminate term accrues on the day petitioner believes he should be released). However, the Ninth Circuit has not ruled on the effects of a subsequent parole suitability determination, where the parole board deems the prisoner unsuitable for parole but does not consider its term-fixing role. Were the Circuit to adopt petitioner's interpretation that each denial of parole based on suitability, without addressing term length, constitutes a new violation, his claim would be timely. A certificate of appealability is granted with respect to that claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 23, 2012, are adopted in full;

2. Respondent's motion to dismiss is granted;

3. The Clerk is directed to close the case; and

4. The court grants a certificate of appealability with respect only to the question of whether a parole suitability determination for a prisoner serving an indeterminate sentence, without consideration of term, can constitute a new violation of such petitioner's rights sufficient to render petitioner's habeas petition timely under 28 U.S.C. § 2254(d).

DATED: March 31, 2012.

_____
UNITED STATES DISTRICT JUDGE